IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SHIRLEY IVY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12-CV-037 |
| | ) |
| NATIONS RECOVERY CENTER, INC., | ) |
| ATLANTIC CREDIT & FINANCE, INC., | ) |
| ATLANTIC CREDIT & FINANCE | ) |
| SPECIAL FINANCE UNIT, LLC, and | ) |
| ATLANTIC CREDIT & FINANCE | ) |
| SPECIAL FINANCE UNIT III LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Defendant Nations Recovery Center, Inc. ("defendant") has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [doc. 13]. Plaintiff has responded in opposition. Oral argument is unnecessary. For the reasons that follow, defendant's motion will be denied.

I.

*Applicable Legal Standards*

The Federal Rules of Civil Procedure authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)

(quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

II.

*Background*

Defendant sent plaintiff a collection letter dated January 24, 2011. That letter is the subject of this Fair Debt Collection Practices Act ("FDCPA") lawsuit. In material part, the letter twice contains the following information:

> Atlantic Credit
> Balance: $2,067.01

[Doc. 1, ex. 1]. According to the complaint, plaintiff received no further communication from the defendants.

Another letter, dated April 28, 2011, was sent to plaintiff by a different debt collector on behalf of a different creditor. [Doc. 1, ex. 2]. That communication referenced the same account number as the January 24 letter and was apparently a subsequent attempt to collect the same credit card debt. The April 28 letter states a "current balance" of $2,167.27 and is the subject of a separate case pending before this court (2:12-CV-178).

2

Plaintiff filed her complaint in this case on January 29, 2012. She contends that the January 24 letter did not adequately state the amount of the debt and the name of the creditor to whom the debt is owed. Plaintiff contends that defendant violated the FDCPA by failing to send her a follow-up letter containing that information within five days after the initial communication. *See* 15 U.S.C. § 1692g(a)(1)-(2).

Defendant now moves to dismiss the complaint as untimely under the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Defendant argues that the January 24, 2011 letter sufficiently stated the amount of debt and the identity of the creditor, and therefore the complaint should have been filed no later than January 24, 2012.

III.

*Analysis*

> The requirement that a validation notice correctly state the amount of the debt has produced conflicting judicial opinions. Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. . . . [O]ther courts have held that a validation notice satisfies the statute if it states the total amount of the debt (including interest and any other charges) as of the date the letter is sent.

*Jones v. Midland Funding*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) (citations and footnote omitted).

The letter at issue in this case references an unspecified reduced settlement offer but does not clarify whether the debt was continuing to accrue interest, nor does the

3

letter specify a deadline by which the unspecified settlement offer must be accepted. Plaintiff cites the higher balance contained in the April 28 letter (an increase of $100.26) as evidence that the debt continued to accrue interest and/or other charges.

"[E]ven the most unsophisticated consumer would understand that credit card debt accrues interest." *Weiss v. Zwicker & Assocs.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009). Nonetheless, for purposes of the present 12(b)(6) motion (and based on current persuasive authority in this district), the court concludes that plaintiff's complaint, taken as true, states a claim for relief that is plausible on its face. The April 28 letter indicates that plaintiff's debt continued to accrue interest and/or other charges. It is therefore plausible that the January 24 letter

> did not correctly state the amount of the debt because it failed to indicate that interest was accruing and the applicable interest rate; therefore, Plaintiff has adequately alleged Defendant's stated balance of [$2,067.01] was not accurate and had to be accurately stated within five days from the January [24, 2011] letter. As it was not, Plaintiff has adequately alleged facts in the . . . Complaint supporting a claim for a violation of 15 U.S.C. § 1692g(a)(1).

*Stonecypher v. Finkelstein Kern Steinberg & Cunningham, Attorneys*, No. 2:11-cv-13, 2011 WL 3489685, at *5 (E.D. Tenn. Aug. 9, 2011) (footnote omitted). While it is certainly possible that the instant debt was not accruing interest while it was a collection account of the present defendants, that is a question for summary judgment rather than a motion to dismiss. *See Jones*, 755 F. Supp. 2d at 396; *Register v. Reiner, Reiner & Bendett, PC*, 488 F. Supp. 2d 143, 149 (D. Conn. 2007).

4

To clarify, this memorandum concludes only that plaintiff has - on the facts of this case - stated a claim upon which relief can be granted because the defendant's January 24 letter did not state whether interest was accruing and, if so, the currently-applicable interest rate. Plaintiff's complaint was therefore timely filed within the applicable statute of limitations. The court expresses no opinion as to whether the FDCPA requires that any additional information be contained in defendant's letter, or in what form. Further, because the current motion can be resolved solely on the issue of the amount of debt, the court need not at this time address plaintiff's contention that defendant did not adequately provide the name of the creditor to whom the debt is owed.

An order consistent with this opinion will be entered.

ENTER:

                                                 s/ Leon Jordan
                                           United States District Judge